UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MID-CONTINENT CASUALTY CO.,<br><br>Plaintiff,<br><br>v.<br><br>SUBTERRA, INC., *et al.*,<br><br>Defendants. | CASE NO. C07-1276RSM<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL |

This matter comes before the Court on "Plaintiff's Motion for Voluntary Dismissal" (Dkt. #58). Plaintiff Mid-Continent Casualty Co. ("Mid-Continent") seeks to voluntary dismiss all claims against all Defendants with prejudice pursuant to Fed. R. Civ. P. 41(a)(2). Defendant Subterra, Inc.'s ("Subterra") does not object to Mid-Continent's motion, provided that the Court award Subterra reasonable attorneys' fees and costs. Subterra proposes that a determination of the exact amount of these fees be deferred until the conclusion of the case.

The instant declaratory judgment action arises out of an underlying state court litigation wherein Subterra, an engineering company, was accused of negligently preparing a report that overestimated the amount of high-quality rock that a rock quarry could produce. Subterra was insured by Mid-Continent, and therefore Subterra tendered defense of the underlying lawsuit to Mid-Continent. Mid-Continent agreed to defend Subterra, but initiated the instant lawsuit to address the scope of coverage under the particular facts of the case. Subterra subsequently brought counterclaims against Mid-Continent, alleging that Mid-Continent's policies covered

ORDER
PAGE - 1

the claims asserted against Subterra. Subterra also argued that Mid-Continent had breached its duty of good faith.

While this case was pending, Mid-Continent settled all claims brought against Subterra in the underlying state court litigation. As a result, Mid-Continent brought the instant motion for voluntary dismissal, claiming that its declaratory judgment action is now moot. Within its motion, Mid-Continent expressly indicates that its voluntary dismissal does not affect Subterra's counterclaims. While Subterra does not object to the dismissal of Mid-Continent's claims, Subterra contends that the Court should award attorneys' fees and costs to Subterra as part of its order dismissing Mid-Continent's claims pursuant to *Olympic Steamship Co. v. Centennial Ins. Co.* 117 Wash. 2d 37, 881 P.2d 673 (1991). Subterra specifically claims that Mid-Continent settled the underlying state court litigation over the objections of Subterra. Moreover, Subterra argues that Mid-Continent has essentially conceded that it had a duty to provide coverage to Subterra by settling without Subterra's consent. Therefore, by conceding coverage, Subterra argues that it is entitled to a modification of the order granting Mid-Continent's motion for voluntary dismissal because an insurer who forces its insured to litigate in order to obtain the benefits of coverage must pay the insured's attorneys' fees and costs.

Significantly, Rule 41(a)(2) provides:

> [A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication.

Fed. R. Civ. P. 41(a)(2).

The purpose of the rule is "to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced or unfairly affected by dismissal." *Stevedoring Services v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989) (citations omitted). The decision to grant the motion to dismiss and the terms and conditions that should be imposed, if any, are within the discretion of the trial court. *Sams v. Beech Aircraft Corp.*, 625 F.2d 272, 277 (9th Cir. 1980). It is not an abuse of discretion by the district court to deny attorneys' fees for specific and particular reasons. *See Stevedoring Services*, 889 F.2d at 922.

Here, the Court finds that Subterra will not suffer any prejudice as a result of Mid-Continent's voluntary dismissal. As mentioned above, Mid-Continent has expressly indicated that its dismissal does not affect Subterra's counterclaims. Indeed, Subterra's counterclaims against Mid-Continent remain intact, and Subterra remains free to pursue attorneys' fees and costs associated with its counterclaims.

Furthermore, the Court agrees with Mid-Continent that an award of attorneys' fees and costs at this time would be premature. Under *Olympic Steamship*, attorneys' fees and costs are appropriate "in any legal action where the insurer compels the insured to assume the burden of legal action, to obtain the full benefit of his insurance contract, regardless of whether the insurer's duty to defend is at issue." 117 Wash.2d at 53. "The payment is required after the judicial determination is made and fees under *Olympic* are awarded only if the insured prevails." *Alaska Nat. Ins. Co. v. Bryan*, 125 Wn. App. 24, 36, 104 P.3d 1 (2004). Attorneys' fees and costs under *Olympic Steamship* are not appropriate "when the insurer does not dispute coverage, but merely disputes the value of the claim." *Nordstrom, Inc. v. Chubb & Son, Inc.*, 54 F.3d 1424, 1437 (9th Cir. 1995). *Olympic Steamship* is recognized as a "narrow exception" to the American rule that each side to a suit ordinarily bears its own attorneys' fees. *See Dayton v. Farmers Ins. Group*, 124 Wash. 2d 277, 280, 876 P.2d 896 (1994).

In the instant case, Subterra indicates that the coverage issue asserted in one of its counterclaims is now moot because Mid-Continent has conceded that coverage existed pursuant to the settlement. However, Mid-Continent's settlement of the underlying state court litigation does not automatically imply that Mid-Continent has conceded that coverage existed for *all* of Subterra's claims. As Mid-Continent indicates, it brought the instant declaratory judgment action because it believed that some, but not all, claims were covered under the policies that it issued to Subterra. Therefore, Mid-Continent's claims presented a dispute over the value of the claim presented under the policy. Whether Mid-Continent was correct in denying coverage to *all* of Subterra's claims can be resolved through Subterra's counterclaims. In such a situation, it would be premature to assign attorneys' fees and costs under *Olympic Steamship*. *See Dayton*, 124 Wash. 2d at 280. No definitive finding has been made by the Court that Subterra's

ORDER
PAGE - 3

interpretation of the insurance contract is correct.  In addition, Subterra provides no definitive case law that requires the Court to award Subterra attorneys' fees and costs at this stage of the litigation.  As a result, the Court finds no reason to modify Mid-Continent's requested relief.

Having reviewed the relevant pleadings, and the remainder of the record, the Court hereby finds and orders:

(1) "Plaintiff's Motion for Voluntary Dismissal" (Dkt. #58) is GRANTED.  Plaintiff Mid-Continent's claims against all Defendants in this case shall be dismissed with prejudice.  However, <u>this Order does not dismiss the case</u>, as Defendant Subterra's counterclaims remain pending before the Court.  Defendant Subterra remains free to pursue attorneys' fees and costs as part of its counterclaims against Plaintiff Mid-Continent.

(2) The Clerk is directed to forward a copy of this Order to all counsel of record.

DATED this 23 day of September, 2008.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE